UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER TODD TAYLOR,

       Petitioner,

                                          CASE NO. 15-10708
v.                                       HONORABLE GERSHWIN A. DRAIN

CARMEN PALMER,

       Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE HABEAS CORPUS
PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
BUT GRANTING *IN FORMA PAUPERIS* STATUS ON APPEAL**

**I. Introduction and Background**

Petitioner Christopher Todd Taylor, a state prisoner at the Michigan Reformatory in Ionia, Michigan, recently filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition and attached exhibits indicate that, on January 7, 2013, Taylor pleaded guilty to second-degree home invasion, Mich. Comp. Laws § 750.110a(3), in Alcona County, Michigan. On February 4, 2013, the state trial court sentenced Taylor as a habitual offender, fourth offense, to imprisonment for twelve to thirty years.

Taylor moved for re-sentencing, but the trial court denied his motion. The Michigan Court of Appeals subsequently denied leave to appeal "for lack of merit [on] the grounds presented." *See People v. Tayor*, No. 316082 (Mich. Ct. App. Oct. 25, 2013). On March 28, 2014, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Taylor*, 495 Mich. 980 (2014) (table).

On February 25, 2015, Taylor filed his habeas corpus petition. He seeks re-

sentencing on the basis that the state trial court scored ten points for offense variable 10 of the Michigan sentencing guidelines. Taylor claims that, minus the ten points, the sentencing guidelines range for his minimum sentence would be 36 to 142 months instead of 43 to 172 months, as calculated in the sentencing information report.

"Offense variable 10 is exploitation of a vulnerable victim." Mich. Comp. Laws § 777.40(1). A score of ten points is appropriate if "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." Mich. Comp. Laws § 777.40(1)(b). Taylor claims that there is no evidence in the record to support a score of ten points for offense variable 10. Although the factual basis for his plea was that he entered his parents' home without permission and stole some coins, he maintains that he did not exploit a familial relationship or a victim's vulnerability.

## II. Analysis

Taylor's claim lacks merit because "[a] state court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern only." *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). The Supreme Court has found that "a writ of habeas corpus disturbing a state-court judgment may issue only if it is found that a prisoner is in custody 'in violation of the Constitution or laws or treaties of the United States.'" *Pulley v. Harris*, 465 U.S. 37, 41 (1984) (quoting 28 U.S.C. § 2241(c)(3)). Consequently, "[a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Id.* It follows that, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Moreover, Taylor has not demonstrated or even alleged that he was sentenced on "extensively and materially false" information which he had no opportunity to correct through counsel. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Consequently, the contention that the state trial court incorrectly calculated the state sentencing guidelines is not a cognizable claim on federal habeas corpus review. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007) (affirming the district court's holding); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).

Because Taylor's claim is not cognizable in this habeas corpus action, his habeas petition is summarily dismissed under Rule 4 of the Rules Governing Section 2254 Cases, which "allows the summary dismissal of a petition if it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quotation marks omitted).

### III. Denying a Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

Reasonable jurists would not find the Court's assessment of Taylor's claim debatable or wrong. Nor would they conclude that Taylor's claim is adequate to deserve encouragement to proceed further. The Court therefore declines to grant a certificate of appealability. Nevertheless, if Taylor chooses to appeal this decision, he may proceed *in forma pauperis* on appeal without further authorization because he was granted leave to proceed *in forma pauperis* in this Court. Fed. R. App. P. 24(a)(3).

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2015